

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC – 6 2007

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| EXIMANDA BAXTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. _____ |
| | § | |
| STANLEY D, BROOME, Individually, | § | 3-07CV2036-M |
| MATTHEW W. BOBO, Individually, | § | |
| BROOME BOBO LLP, and, | § | |
| HOWIE, BROOME & BOBO, LLP, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Eximanda Baxter ("Plaintiff") brings this action against Defendants Stanley D. Broome Esq., Individually ("Defendant Broome" or "Broome"), Matthew W. Bobo Esq., Individually, ("Defendant Bobo" or "Bobo"), Broome Bobo LLP ("Defendant BB" or "BB"), and Howie, Broome & Bobo, LLP ("Defendant HBB" or "HBB" or "Defendant Firm") with all these persons and entities collectively referred as Defendants ("Defendants"), and would show as follows:

### I.

### OVERVIEW OF CLAIMS PRESENTED

1.    Defendants have failed to pay Plaintiff overtime in accordance with the Fair Labor Standards Act ("FLSA") from at least January 2006 through July 2006 and again from September 2006 through July 2007. Specifically, Defendants violated the FLSA by failing to pay Plaintiff at time and one-half her regular rate of pay for all hours worked within a workweek of forty hours.  Plaintiff routinely worked over 40 hours per week and

**PLAINTIFF'S ORIGINAL COMPLAINT**                                      Page 1

was not paid overtime in accordance with the law. She seeks repayment of her accumulated overtime for which she was not paid, plus liquidated damages, attorney's fees and costs.

2.     Plaintiff also asserts pendant state claims of sexual assault, offensive physical conduct, false imprisonment, and intentional infliction of emotional distress against various of the Defendants, with each Defendant liable for at least one (1) of these claims, to Plaintiff. Neither Defendant HBB nor Defendant BB, both law firms, ever had as many as fifteen (15) employees at any point in time.

## II.

## PARTIES

3.     Plaintiff is an individual who resides in Dallas County, Texas within the Northern District of Texas, Dallas Division.

4.     Defendant **Broome Bobo LLP (""Defendant BB""or  BB"")** is a Texas limited partnership and law firm which can be served through its registered agent, Matthew W. Bobo at 105 Decker Court, Ste. 850 Irving, TX 75062.

5.     Defendant **Stanley D. Broome ("Defendant Broome""or "Broome")**, is an individual who may be served with process at his business address, 105 Decker Court, Suite 850, Las Colinas, Texas 75062. Defendant Broome was part of and a principal in Plaintiff's employer on the date the sexual assault complained of herein occurred.

6.     Defendant **Matthew W. Bobo ("Defendant Bobo""or" Bobo")**, is an individual who may be served with process at his business address, 105 Decker Court, Suite 850, Las Colinas, Texas 75062. Defendant Bobo was part of and a principal in Plaintiff's employer on the date the sexual assault complained of herein occurred.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                          **Page 2**

7.      Defendant **Howie, Broome & Bobo, LLP** ("**Defendant HBB**", or "**HBB**"; and also "**Defendant Firm**") is a limited liability partnership and law firm that may be served by serving **Mr. John Howie, Jr., 11551 Forest Center Drive, Suite 300, Dallas, Texas 75243.**

### III.

### JURISDICTION

8.      This Court has jurisdiction over Defendants because all Defendants do business and reside within this District and the jurisdiction of this Court over the subject matter of this action is predicated and conferred upon this Court by way of federal question jurisdiction pursuant to 28 U.S.C. § 1337 and 28 U.S.C. §1331 because Plaintiff has asserted a claim arising under federal law, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.

### IV.

### VENUE

9.      Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to and forming the jurisdictional bases of the claims occurred in this District.

### V.

### COVERAGE

10.    At all times hereinafter mentioned, each of the Defendants have been employers within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203 (d).

11.    At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **Page 3**

12.     At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within meaning of Section 3 (s)(1) of the FLSA, 29 U.S.C. § 203 (s)(1), in that said enterprises have had employees (whether legal or illegal)  engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000.

13.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C.  §§ 206 – 207.

## VI.

## FACTS AS TO FLSA CLAIM

14.     Plaintiff was employed as a receptionist/legal secretary to work for Defendants, at the business premises of both Defendant HBB and then (later) Defendant BB, during at least the above-referenced time frames. Plaintiff was often required to work evenings and weekends for which she was not paid. She did not manage two or more employees and is not subject to any exemption under the FLSA. Plaintiff was classified as an hourly employee from January 2006 through July 2006, making, (upon information and belief) approximately  $18.75  per hour. From September 2006 until July 2007 she performed the same duties and was (mis)classified as a salaried employee. She was not paid overtime when she worked more than 40 hours in a work week.  As will be set out further in "VII" below, and elsewhere herein, Plaintiff was not paid any overtime for her trip to

Houston, Texas where the sexual assault by Defendant Broome against Plaintiff actually took place (as complained of elsewhere in this Complaint) while working for Defendant Firm. She was not paid overtime in spite of working more than forty hours during that workweek.

15.     Plaintiff is not aware of any non-exempt employees (whether legal or illegal) who were paid overtime for working over forty hours.

## VII.

## ABBREVIATED FACTUAL SUMMARY IN SUPPORT OF COMPLAINT, GENERALLY

16.     Defendants employed Plaintiff as a receptionist/secretary in regard to both the Defendant law firms at different time periods. On or about the fall of 2006 Defendant Firm HBB acting through Defendant Broome insisted that she accompany Defendant Broome on an overnight trip to Houston, Texas to "sign up" several Spanish-speaking clients and to participate in or help HBB and its lawyers conduct a "news conference" the following day with said clients.

17.     Plaintiff was a (separated) mother who felt and was extremely pressured to make the trip. She was not paid overtime for her travel and work to, in and from Houston. Plaintiff did not want to risk losing her job over objecting to this first (and unique) request for overnight travel. Plaintiff, despite her serious misgivings about such travel, eventually agreed to make the trip at the direction and insistence of her employer Defendant HBB, by and through one of the Firm's senior partners, Defendant Broome, so that she would be available to travel with him on Firm business.

18.     Also meeting Plaintiff and Defendant Broome in Houston was Defendant Bobo, another principal of Defendant HBB. After checking into the hotel (separate rooms for

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    **Page 5**

each), Plaintiff and Defendants Broome and Bobo proceeded to work throughout the afternoon and into the early evening hours, being overtime hours. Plaintiff was not paid for those overtime hours. Thereafter, while in Houston on this trip Defendant Broome detained and sexually assaulted Plaintiff in a hotel room furnished and paid for by Defendant HBB while she was acting under his direction in the course and scope of her ordered duties. Plaintiff was assaulted while passed out and unconscious from alcohol which Defendants Broome and Bob had supplied her with. Plaintiff discovered the sexual assault as she awoke to find Defendant Broome "in the act" of sexually assaulting her. Such assault also amounted to detainment against her will and her being falsely imprisoned within Defendant Broome's hotel room. Defendant Broome did not seek medical attention for Plaintiff in her state; rather he deliberately took sexual advantage of her, without her consent and detained her in his room for his own wrongful and unlawful purposes against her will.

19.    Plaintiff suffered and continues to suffer from severe emotional distress and mental anguish because of the incident. The incident has left Plaintiff with what she reasonably believes will be life-long emotional and mental scars. Additional factual allegations in support of this Complaint are also set forth throughout the Complaint, generally.

## VIII.

## CAUSES OF ACTION AGAINST DEFENDANTS

### First Cause of Action:  Failure to Pay Wages in Compliance with the FLSA

20.    All allegations elsewhere herein are incorporated by reference in support hereof. Plaintiff brings this action to recover unpaid overtime compensation under the provisions

of the FLSA. Plaintiff is an employee, and all four (4) Defendants are joint or co-employers, as those terms are defined in the FLSA. During the relevant period, Defendants have violated and are violating the provisions of section 6 and/or 7 of the FLSA, 29 U.S.C. §206, 207, and 215 (a)(2), by employing Plaintiff in an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA as aforesaid, for work weeks longer than 40 hours without compensating Plaintiff for her employment in excess of 40 hours per week at rates no less than 1 1/2 times the regular rates for which she was employed. Defendants' failure to pay Plaintiff her overtime compensation violates the overtime compensation provisions of the FLSA. Therefore, Plaintiff seeks judgment against all four (4) Defendants, jointly and severally, for a sum representing Plaintiffs' unpaid overtime compensation. In addition, Plaintiff is entitled to recover an equal (and additional) sum equal to the amount of unpaid overtime compensation owed her from Defendants as liquidated damages pursuant to 29 U.S.C. 216(b). Defendants are law firms and attorneys who have filed FLSA claims on behalf of other plaintiffs and therefore are well aware of the FLSA requirements. Accordingly, Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

21.    As a result of Defendants' failure and refusal to pay the claim, Plaintiff has been required to retain the undersigned legal counsel to institute and prosecute this action. Plaintiff is, therefore, entitled to recover an additional sum as attorney's fees, pursuant to 29 U.S.C. §216(b), which sum is a reasonable fee for the services rendered in instituting and prosecuting this action. Plaintiff seeks all of her necessary and reasonable attorneys' fees, interest and costs sought herein, are as generally pled and prayed for elsewhere herein, and which are specifically incorporated by reference. Plaintiff also seeks such

other relief prayed for elsewhere in this Complaint as is appropriate, which requests are incorporated herein by reference.

### Second Cause of Action: Sexual Assault

22.    All allegations elsewhere herein are incorporated by reference in support hereof. Defendant Broome committed assault by infliction of bodily injury against Plaintiff, in that:

        (1)    Defendant Broome acted intentionally, knowingly, or recklessly;

        (2)    Defendant Broome made contact with Plaintiff's person; and

        (3)    The contact complained of caused bodily injury to Plaintiff.

23.    The Defendant HBB is also liable for Defendant Broome's assault of Plaintiff under, at least, the doctrine(s) of vice-principal and vicarious liability, because the wrongful acts were committed by HBB's principals, and alternatively, the Defendant (Firm) HBB authorized the act(s) complained of herein (the sexual assault and wrongful and unlawful detention by Defendant Broome), either expressly or impliedly, by the Firm's principals, Messrs. Broome and Bobo, placing Plaintiff, then a Firm employee, in a position that ultimately involved that use of physical force against her and her will. Furthermore, the Defendant Firm is liable for Defendant Broome's assault of Plaintiff under the doctrine of respondeat superior or because of Defendant Bobo's ratification of the same, as well as through Defendant Bobo by his conduct and placing Plaintiff in imminent peril and harm's way by both promoting, urging and paying for Plaintiff to drink to excess, as well as knowing he was entrusting Plaintiff, in an intoxicated state, to the "supervision" of Defendant Broome to be returned to her hotel room and to be left alone for the rest of the night. This conduct by Defendant Bobo amounted to  aiding,

abetting and encouraging the conduct that ultimately occurred against Plaintiff directly by Defendant Broome, all of Defendant Bobo's conduct occurring only a short time before the sexual assault, false imprisonment, etc., occurred. Additionally, since the time of the assault, Defendant Broome, and during the period while Plaintiff was (later) employed by Defendant BB, has continued to sexually harass Plaintiff and seek sexual favors from her, all while she was later employed by Defendant BB. She rejected each and every of these demands for sex and sexual favors.

24.     As a result of the ordeal described herein in this Complaint, Plaintiff has felt frightened, humiliated, embarrassed and suffered severe mental anguish. Plaintiff also suffered physical pain from Defendant Broome's forced sexual assault upon her. As a direct and proximate result of the above and foregoing, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court, and for which she hereby sues.

25.     Plaintiff will further show that the conduct of Defendants, as described above, was willful and malicious. In this connection, Plaintiff will show that Defendants' conduct caused Plaintiff great suffering, as well as attorneys' fees incurred in the investigation and prosecution of this action. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants in a sum within the jurisdictional limits of this Court.

**Third Cause of Action:  Offensive Physical Contact**

26.     All allegations elsewhere herein are incorporated by reference in support hereof.

Defendant Broome engaged in offensive physical contact against Plaintiff, in that:

(1)     Defendant Broome acted intentionally or knowingly;

(2)     Defendant Broome made physical contact with Plaintiff's person;

(3)     Defendant Broome knew or reasonably should have believed that the Plaintiff would regard such contact as offensive or provocative; and

(4)     The contact complained of caused bodily injury to Plaintiff.

27.    The Defendant HBB is also liable for Defendant Broome's offensive physical contact directed against Plaintiff under the doctrines of vice-principal and vicarious liability because the wrongful conduct was committed by Defendant HBB's principal(s); alternatively, either under the doctrine of respondeat superior or because the Defendant HBB authorized the act complained of herein (the offensive physical contact/sexual assault), either expressly or impliedly, by its principals Defendants Broome and Bobo placing Plaintiff, then a law firm employee, in a position that involved, ultimately the use of physical force against her will and without her consent, and caused her to be detained for unlawful purposes.

28.    As a result of the ordeal described herein in this Complaint, Plaintiff has felt frightened, humiliated, embarrassed and suffered severe mental anguish. Plaintiff also suffered physical pain from Defendant Broome's forced sexual assault upon her. As a direct and proximate result of the above and foregoing, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court, and for which she hereby sues.

29.    Plaintiff will further show that the conduct of Defendants, as described above, was willful and malicious. In this connection, Plaintiff will show that Defendants' conduct caused Plaintiff great suffering, as well as attorneys' fees incurred in the

investigation and prosecution of this action. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants in a sum within the jurisdictional limits of this Court.

**Fourth Cause of Action:  False Imprisonment**

30.    All allegations elsewhere herein are incorporated by reference in support hereof. Plaintiff was willfully detained by Defendant, without her consent for unlawful purposes, and without any legal authority to do so. Again, on or about the fall of 2006, Defendant Broome ordered Plaintiff to accompany him and Defendant Bobo on what was represented to her to be an out-of-town "business trip" to Houston on Firm business. While there, Plaintiff was instructed to accompany Defendants Broome and Bobo to dinner and to discuss the business of the cases they were there to work on for the Defendant Firm. During dinner and after that at the hotel bar, Defendants Broome and Bobo continually insisted that Plaintiff drink with them, despite her protests that she did not want to drink with them.  Defendants ordered drinks for Plaintiff, which she had not asked for, but was forced to accept due to the repeated and insistent demands of her two (2) bosses.

31.    Plaintiff alleges Defendant Broome is well more than a foot taller than Plaintiff and that he outweighs her by approximately 2:1.  Plaintiff was then a nearly 34 year old Hispanic female of very slight physical stature.  Plaintiff is only 4'10" and is not overweight.  It is common knowledge women of that physical stature have a very low tolerance for any significant amount of alcohol.  Thus, Defendant Broome and the Defendant Firm paid for sufficient liquor to get Plaintiff completely intoxicated.

Defendant Bobo not only witnessed but participated in all this.

32.    After more drinks were forced upon Plaintiff at the hotel bar, Defendant Bobo left, but encouraged Defendant Broome to remain and drink more with Plaintiff. Plaintiff thereafter grew uncomfortable alone with Broome and insisted she return to her room. Plaintiff entered her room alone and prepared for bed.

33.    Sometime later, Defendant Broome contacted Plaintiff, insisting that she come to his room to engage in further legal work. Plaintiff declined, but Defendant Broome demanded that Plaintiff come down right away. Still heavily under the influence of the alcoholic drinks she had been given by Defendants, Plaintiff went to Defendant Broome's room down the hall, only because of his direct and insistent commands as her boss for further legal work that night.

34.    After only a few moments of business talk, Defendant Broome began making repeated sexual, offensive and unwelcome comments to Plaintiff.  Plaintiff told Broome she wished to return to her room, and that he was a married man. In response, Defendant Broome,  who is at least a foot taller and who weighs twice what Plaintiff does, moved toward Plaintiff and grabbed her hand. Defendant told her that in her job she was expected to do whatever they (i.e., the Firm) wanted her to do.  Plaintiff plainly told Defendant that she was not a whore, and that having sex was  not  part of the job. Defendant Broome pulled Plaintiff to him and insisted that she remain to work with him. Relying upon his assurances that he now only wanted to discuss business, she reluctantly remained and again began to talk about the coming day's events. At that point, Plaintiff passed out.

35.     When Plaintiff passed out, Defendant failed to either seek medical attention for her or return Plaintiff to her own room. Instead, Defendant kept Plaintiff in his room and forceably sexually assaulted her. By his conduct, Defendant Broome effectively restrained Plaintiff from returning to her room. Plaintiff later regained consciousness, and found herself naked, with Defendant Broome on top of her having sex with her. Plaintiff pushed Broome off of her, grabbed her clothing, and fled to her room. Plaintiff spent the remainder of the night, repeatedly showering and vomiting.

36.     The next morning, Defendant Broome contacted Plaintiff, suggesting and making unwelcome sexual advances and seeking further involvement with her, but she rebuffed all his attempts to become involved with him.

37.     Since these events in Houston took place, Defendant Broome has repeatedly made unwelcome sexual advances towards Plaintiff, all of which have been rebuffed by Plaintiff.

38.     As a result of the ordeal described herein in this Complaint, Plaintiff has felt frightened, humiliated, embarrassed and suffered severe mental anguish. Plaintiff also suffered physical pain from Defendant Broome's forced sexual assault upon her. As a direct and proximate result of the above and foregoing, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court, and for which she hereby sues.

39.     Plaintiff will further show that the conduct of Defendants, as described above, was willful and malicious. In this connection, Plaintiff will show that Defendants' conduct caused Plaintiff great suffering, as well as attorneys' fees incurred in the investigation and

prosecution of this action. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendants in a sum within the jurisdictional limits of this Court.

**Fifth Cause of Action:  Intentional Infliction of Emotional Distress**

40.     All allegations elsewhere herein are incorporated by reference in support hereof. Defendant Broome intentionally or recklessly harassed and assaulted Plaintiff by the sexual assault and offensive physical contact and repeated unwelcome sexual advances during her tenure of employment. Defendant Broome knew that such behavior would subject Plaintiff to severe emotional distress.

41.     Defendant Broome's conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society and community.

42.     Defendant Broome's conduct proximately caused Plaintiff damage in that it caused Plaintiff to suffer physical pain and severe emotional distress. In particular, Defendant Broome's conduct aided and abetted by the conduct of others as set out elsewhere herein, was the direct and proximate cause of the pain, severe shame, despair, upset, anger and humiliation to Plaintiff.

43.     In addition to severe emotional distress, Plaintiff has suffered and will continue to suffer additional damages as a proximate result of Defendant Broome's conduct, in that, in all reasonable probability, Plaintiff will continue to suffer mental pain and anguish for a long time into the future.

44.     The conduct of Defendant Broome described in this Complaint was willful and malicious so as to entitle Plaintiff to recover exemplary damages. In this connection, Plaintiff will show that as a result of Defendants' conduct, Plaintiff has suffered losses of

time and other expenses, including attorneys' fees incurred in the investigation and prosecution of this action. Accordingly, Plaintiff asks that exemplary damages be awarded jointly and severally against the Defendants in a sum within the jurisdictional limits of this Court.

45. At all times mentioned in this Complaint, Defendants Broome and Bobo were the agents and principals or vice-principals of Defendants HBB and BB and were acting within the scope of their authority as agents, principals or vice-principals. All allegations related to and concerning imputing liability upon Defendant BB and HBB for these individual's conduct, including under the doctrines of vice-principal, respondeat superior and vicarious liability, are incorporated herein by reference as if re-stated verbatim.

46. Defendant Broome's sexual assault, offensive physical contact and including, without limitation, Defendants' intentional infliction of emotional distress against Plaintiff, as set forth and complained of above together with other acts and omissions, directly and proximately caused the injuries and damages sustained by Plaintiff. Defendant Broome and other Defendants' respective acts and omissions are, and include among others and without limitation, as follows:

    a.    Defendants owed a duty to Plaintiff to provide a safe work environment when employing Plaintiff. Defendant Firm (Defendant HBB) also particularly owed Plaintiff a duty to use ordinary care to protect Plaintiff from the acts of third parties including Defendant HBB's own principals, employees, agents, and representatives. Defendant Firm acting through its employees and principals Defendants Broome and Bobo, breached these duties

    b.    The Defendant HBB was negligent in the hiring, supervision, training and retention of its principals, partners, employees, agents, and representatives;

    c.    Defendants made material false representations to Plaintiff regarding the safety of overnight travel with the Defendant HBB and its partners/principals Defendants Broome and Bobo and as to the

trustworthiness, reliability, and safety of HBB's employees on such a trip as to Planitiff's safety. Defendants made these representations knowingly or recklessly with the intent that Plaintiff rely on them. Plaintiff relied on Defendants' respective representations which were false;

d. Defendant Broome intentionally, knowingly, and recklessly made unwelcome, forced sexual contact with Ms. Baxter;

e. Defendant Broome knowingly or intentionally made unwelcome physical contact with Plaintiff Baxter knowing that such contact was offensive without any consent, or informed consent by her;

f. Defendants Broome and Bobo each breached their duties to Plaintiff in all their capacities, be they as partners, officers, directors, principals, shareholders, or employees of the entity Defendant HBB, a law firm which employed Plaintiff and later with Defendant BB who later employed Plaintiff;

g. Defendants Broome and Bobo "fed" Plaintiff drinks to the point both knew or had reason to know Plaintiff was intoxicated. But both Defendants urged Plaintiff to drink to a state of intoxication. Defendant Bobo left Defendant Broome with Plaintiff, knowing full well or certainly having reason to know Plaintiff had no protection from possible acts of sexual predation by Broome (or even another person [i.e., stranger] in the hotel); and

h. Defendant Broome sexually assaulted Plaintiff Baxter.

Each of these acts and omissions, singularly or in combination with others, proximately caused the occurrences made the bases of this suit and the resulting injuries and damages.

## IX.

## VICARIOUS LIABILITY

47. Liability based upon the actions of Defendant Broome and the Defendant Firm's other principal, Mr. Bobo, imposes liability upon the Defendant Firm under several theories. Defendant Firm and its principal, Mr. Bobo, are jointly and severally liable for the negligent and grossly negligent acts of its partners, agents,

employees, or representatives, because liability against one is imposed upon the others while the Defendants Broome, Bobo and the Defendant Firm collectively acted in the furtherance of their common undertaking and in the furtherance of its/their business. Similarly, Defendants Broome, Bobo and Defendant Firm are jointly and severally liable for each other's negligent acts in pursuit of their common business interest because they integrate their resources to achieve a common business purpose. The Defendant Firm is also liable for the actions and wrongful conduct of their principals or vice-principals acting within the scope of their authority. Broome and the Defendant Firm likewise are jointly and severally liable for the conduct of Defendant Broome because he was a principal and agent of the Defendant Firm and committed a tort within the scope of his authority under the guise and auspices of conducting firm business. Likewise Defendant BB is liable jointly and severally, for Defendant Broome's later acts since and while Plaintiff was employed by Defendant BB.

## X.

## DAMAGES TO PLAINTIFF

48.   As a direct and proximate result of the occurrences made the basis of this lawsuit, Plaintiff sustained damages (at least), which are applicable as appropriate to the Causes of Action set out elsewhere herein as follows:

a.   Plaintiff has incurred or will incur hereafter reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future;

b.   Plaintiff experienced very severe mental anguish in the past as a result of their physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her injuries;

c.   Plaintiff experienced physical pain and suffering in the past as a result of her physical injuries;

d.   Plaintiff suffered lost wages and lost earning capacity in the past as a result of the incident and, in all reasonable probability, such lost earning capacity will continue in the future;

e.   Pecuniary losses generally;

f.   Pre and post-judgment interest at the highest rate permitted by law.

As a result of the above, Plaintiff seeks damages in excess of the minimum jurisdictional limits of this Court.

## XI.

## EXEMPLARY DAMAGES

49.   Plaintiff re-pleads as fully as though set forth in this paragraph all allegations set forth above and alleges that all the acts and omissions on the part of Defendants, taken singularly or in combination, were aggravated by the kind of malice for which the law allows the imposition of exemplary damages.  Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, particularly Plaintiff.  Plaintiff, therefore, seeks exemplary damages.  Gross negligence and malice should be imputed to the Defendant Firm because its principals, Broome and Bobo, authorized the doing and manner of the bad acts and conduct described herein leading up to the sexual assault, their agent(s) were unfit and the principals were reckless

in employing, undertaking a joint venture, or partnering with them, their agents were working in a managerial capacity and were acting within the scope of their duties when the acts complained of herein occurred, or a manager of the employer or partnership ratified or approved the acts complained of herein.  Defendants' gross negligence, or intentional conduct were a proximate cause of the incident in question and of the damages and injuries alleged herein. As a result of Defendants' gross negligence or intentional conduct, Plaintiff seeks exemplary damages in an amount in excess of the jurisdictional limits of this Court.  Plaintiff likewise seeks damages against Defendant BB for its failure to protect Plaintiff from the predations of Defendant Broome, which later occurred, as well.

## XII.

## AGENCY AND RESPONDEAT SUPERIOR

50.    Whenever in this Complaint it is alleged that Defendants did any act or thing, it is meant that Defendants, themselves or their agents, officers, servants, employees, or representatives did such act or thing, and it was done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency, partnership, joint venture, joint enterprise, or employment of Defendants or their agents, officers, servants, employees, partners, or representatives.

51.    Plaintiff reserves the right to amend this Complaint to add other parties or matters as may be appropriate in the premises and after discovery.

## XIII.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

## RELIEF SOUGHT

WHEREFORE, cause   having been shown, Plaintiff prays for judgment against Defendants, jointly and severally, as may be appropriate in the premises, as follows:

a.    For an Order pursuant to section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

b.    For an Order pursuant to section 16(b) of the FLSA awarding Plaintiff the costs of this action; and

c.    For an Order pursuant to section 16(b) of the FLSA awarding Plaintiff her attorneys fees; and

d.    For an Order pursuant to section 16(b) of the FLSA awarding Plaintiff prejudgment and post judgment interest at the highest rates allowed by law; and

e.    For a judgment against Defendants, jointly and severally, for her actual and consequential damages in an amount to be determined by a trial on the merits; and

f.    For a judgment against Defendants, jointly and severally for damages for mental anguish and emotional distress suffered by Plaintiff in an amount to be determined by a trial on the merits; and

g.    For a final judgment against Defendants, jointly and severally for exemplary damages in an amount to be determined by a trial on the merits; and

h.    For a Judgment against Defendants, jointly and severally for pre-judgment and post-judgment interest at the highest rates allowed by law; and

i.    For a Judgment jointly and severally against Defendants granting such other and further relief as may be sought anywhere in the Complaint or as may be necessary and appropriate in the premises.

Respectfully submitted,

By:

James Albert Jennings
SBN: 10632900

W. Christopher W. Haynes
SBN: 09284100

ERHARD & JENNINGS, P.C.
1601 Elm Street, Suite 4242
Dallas, Texas 75201
(214) 720-4001
Fax: (214) 871-1655

- and -

By:

Jill J. Weinberg
SBN: 21084400

WEINBERG LAW FIRM
6425 Willow Creek
Plano, Texas 75093
(972) 403-3330
Fax: (972) 398-8846

ATTORNEYS FOR PLAINTIFF

JS 44 (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
EXIMANDA BAXTER

RECEIVED
DEC - 6 2007
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## DEFENDANTS
Stanley D. Broome, Individually, Matthew W. Bobo, Individually, Broome Bobo LLP, and Howie, Broome & Bobo, LLP,

(b) County of Residence of First Listed Plaintiff     DALLAS COUNTY
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Dallas County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James Albert Jennings, Erhard & Jennings, P.C., 1601 Elm St. Suite 4242, Dallas, Texas 75201 214-720-4001, Jill Weinberg 972-403-3330

Attorneys (If Known)

3-07CV2036-M

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R. R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☒ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Fair Standards Labor Act, 20 U.D.C. Section 203(d), Failure to pay overtime compensation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Undetermined
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions):  JUDGE
DOCKET NUMBER

DATE
Dec. 6, 2007

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44a Reverse (Rev. 10/06)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

        (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

        (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.      Example:   U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

Date and Attorney Signature. Date and sign the civil cover sheet.