UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXIMANDA BAXTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. 3:07cv2036-M |
| | § | |
| STANLEY D. BROOME, Individually, | § | |
| MATTHEW W. BOBO, Individually, | § | |
| BROOME BOBO LLP, and, | § | |
| HOWIE, BROOME & BOBO, LLP | § | |
| | | |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW INTENTIONAL TORT CLAIMS PURSUANT TO FEDERAL RULE 12(b)(1) AND BRIEF IN SUPPORT**

Jackson D. Wilson II
State Bar No. 21740500
Tracy G. Wolf
State Bar No. 24004994

**GORDON & REES, L.L.P.**
2100 Ross Ave., Suite 2800
Dallas, Texas 75201
(214) 231-4660  Telephone
(214) 461-4053  Facsimile

**ATTORNEYS FOR DEFENDANTS
STANLEY D. BROOME, Individually,
MATTHEW W. BOBO, Individually,
BROOME BOBO L.L.P. AND HOWIE,
BROOME & BOBO L.L.P.**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. PARTIES .............................................................................................................................2

III. FACTUAL BACKGROUND ..............................................................................................3

IV. PROCEDURAL HISTORY .................................................................................................5

V. ARGUMENT AND AUTHORITIES ..................................................................................7

    A. Applicable Law .......................................................................................................7
    B. Application of Law to Facts ....................................................................................9
    C. Equitable Considerations .......................................................................................11

VI. CONCLUSION ..................................................................................................................11

BRBO/1048768/5278803v.1

## TABLE OF AUTHORITIES

### CASES

*Batiste v. Island Records,*
   179 F.3d 217, 227 (5th Cir. 1999) .................................................................................9

*Bell v. Hood,*
   327 U.S. 678, 682-83, 66 S.Ct. 773, 776 (1946) ...........................................................8

*Cabral v. Life Ambulance Service, Inc.,*
   2007 WL 4365767 (W.D. Tex. 2007) ...........................................................................8

*Carnegie-Mellon Univ. v. Cohill,*
   484 U.S. 343, 350, 108 S.Ct. 614 (1988) ....................................................................11

*Certain Underwriters at Lloyd's, Reinsurance Agreements F96/2922/00 and No. F97/2992/00 v. Warrantech Corp.,*
   461 F.3d 568, 578 (5th Cir. 2006) .................................................................................9

*Grinter v. Petroleum Operation Support Service,*
   846 F.2d 1006, 1008 (5th Cir. 1988) .............................................................................8

*Ingram Corp. v. J. Ray McDermott & Co.,*
   698 F.2d 1295, 1318 (5th Cir. 1983) .............................................................................8

*Mitchell v. Johnson,*
   2007 WL 2572252 (E.D. Tex. 2007) .............................................................................9

*Nagy v. George,*
   2007 WL 2122175 (N.D. Tex. 2007) .............................................................................9

*Noble v. White,*
   996 F.2d 797, 799 (5th Cir. 1993) .................................................................................9

*United Mine Workers v. Gibbs,*
   383 U.S. 715, 86 S.Ct. 1130 (1966) ................................................................2, 7, 8, 9

*Wong v. Stripling,*
   811 F.2d 200, 204 (5th Cir. 1989) .................................................................................9

## STATUTES

Article III of the United States Constitution ................................................................................2

28 U.S.C. § 1367 .................................................................................................................... 2, 7

28 U.S.C. § 1367(c) ..................................................................................................................8

28 U.S.C. § 1367(c)(2) ............................................................................................................10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXIMANDA BAXTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | NO. 3:07cv2036-M |
| STANLEY D. BROOME, Individually, | § | |
| MATTHEW W. BOBO, Individually, | § | |
| BROOME BOBO LLP, and, | § | |
| HOWIE, BROOME & BOBO, LLP | § | |
| | | |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW INTENTIONAL TORT CLAIMS PURSUANT TO FEDERAL RULE 12(b)(1) AND BRIEF IN SUPPORT**

Defendants, Stanley D. Broome, Matthew W. Bobo, Broome Bobo LLP, and Howie, Broome & Bobo (hereinafter, collectively "**Defendants**") file this their Motion to Dismiss Plaintiff's State Law Intentional Tort Claims Pursuant to Federal Rule 12(b)(1) and Brief in Support in this cause, and in support thereof would respectfully show this Court the following:

## I.

### INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants move the Court to dismiss Plaintiff's state law intentional tort causes of action for sexual assault, offensive physical contact, false imprisonment, and intentional infliction of emotional distress ("**Intentional Tort Claims**") for lack of subject matter jurisdiction. Defendants also move the Court to dismiss Plaintiff's causes of action for vicarious liability and under the doctrines of agency and respondeat superior brought against Defendants Broome Bobo LLP f/k/a Howie, Broome & Bobo ("**BB**") and Howie, Broome & Bobo ("**HBB**") as these causes of action are based solely

PAGE 1
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

on the Intentional Tort Claims which are directly related to claims pending in the 68th District Court of Dallas County, Texas. Plaintiff's Intentional Tort Claims do not arise under federal law and diversity jurisdiction between the parties is totally lacking. Accordingly, the Court does not have original jurisdiction over these claims. Further, the Court does not have supplemental jurisdiction over Plaintiff's Intentional Tort Claims pursuant to 28 U.S.C. § 1367 because these claims are not so related to Plaintiff's Fair Labor Standards Act ("**FLSA**") claim that they form part of the same case or controversy under Article III of the United States Constitution and they do not derive from a common nucleus of operative facts. 28 U.S.C. § 1367; *see United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966).

## II.

## PARTIES

Plaintiff Eximanda Baxter ("**Baxter**") is a former employee of HBB and BB. HBB, a Texas limited liability partnership, was doing business as a law firm with three general partners, John Howie, Stan Broome, and Matthew Bobo. Partners Stan Broome ("**Broome**") and Matthew Bobo ("**Bobo**") are parties sued in their individual capacities in this lawsuit. On April 3, 2007, the partners of HBB entered into a dissolution agreement ("**Agreement**"), a true and correct copy of which is attached hereto as **Exhibit "A"** and incorporated by reference. BB, a Texas limited liability partnership with two general partners, Broome and Bobo, was formed prior to the dissolution of HBB. HBB's partnership was dissolved with the Secretary of State of Texas on or about July 6, 2007. BB is the successor in interest to HBB as to all relevant issues in this and pending state court claims related to the Intentional Tort Claims.

PAGE 2
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

III.

## FACTUAL BACKGROUND

1.  Baxter was hired as a receptionist at Howie, Broome, Bobo & Greene, LLP (hereinafter, along with all subsequent successor entities which employed Baxter, the "**Firm**") on May 12, 2005.[1] Despite the fact that Baxter presented challenges with respect to (i) her willingness to pitch in to assist others with certain duties, (ii) getting along with other members of the staff, and (iii) attendance, on July 12, 2006 the Firm gave Baxter a raise to assist her with purchasing personal health insurance since the Firm was a non-subscriber under the Texas Worker's Compensation system. The Firm assisted her in acquiring a personal health policy with PacifiCare. Six days later on July 18, 2006, Baxter resigned her employment with the Firm.

2.  In September of 2006, less than 2 months after resigning, Baxter requested that Howie, Broome & Bobo, LLP rehire her since she had made a "terrible decision" because she "was under a lot of stress". In an electronic message requesting rehire, Baxter stated that she had "really enjoyed my time at HBB and I believe that I was the happiest working there with you guys." After numerous conversations with Baxter, the Firm agreed to rehire Baxter in September of 2006 at the same salary to which she had been elevated prior to her departure. At all times during her employment, the Firm recorded her hours worked and paid her overtime pay when Baxter worked overtime. Baxter was listed as an employee of the Firm from September of 2006

---

[1] When Baxter was first hired, the firm was known Howie, Broome, Bobo & Greene LLP and renamed Howie, Broome & Bobo LLP upon the departure of Ryan Greene (now affiliated with Baxter's counsel). Broome Bobo LLP was formed upon the departure of Mr. Howie and cessation of operations by Howie, Broome & Bobo, LLP. Exhibit "A" was entered on April 3, 2007 to wind up the affairs of Howie, Broome & Bobo, LLP and assign obligations and assets of Howie, Broome & Bobo, LLP to (i) Broome Bobo, LLP formed by Defendants Broome and Bobo and to (ii) John Howie, Jr. Defendants Broome and Bobo have been principals in each of the above firms. Defendant Broome Bobo, LLP continued to employ Baxter after the cessation of operations by Defendant Howie, Broome & Bobo, LLP

PAGE 3
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

until on or about September 19, 2007 when her present counsel sent a letter advising that she had resigned, making claims of sexual assault and demanding $875,000.00.

3. On or about July 6, 2007, Baxter notified the Firm that she would not be at work that day because of a doctor's appointment related to a wrist injury she claimed to have suffered at work at the Firm sometime prior to that day. From that day forward, Baxter appeared for work very sporadically and was very difficult to contact. When promises were made as to appearing to assist at work, those promises were often broken.

4. On or about August 6, 2007, Baxter briefly returned to work and requested that she be moved from a full-time position to a part-time position because of developments and issues in her personal life outside the Firm. Because the Firm relied upon her bilingual capabilities in a major litigation matter in which she had been assisting for a substantial portion of her time since returning to the Firm in September of 2006, the Firm agreed to create a new part-time position to accommodate her request. Baxter worked on a part-time basis for approximately a week and a half. On August 20, 2007 she sent an email to the Firm saying she would not be at work that day but would be in for the rest of the week. Baxter never appeared for work again. The Firm called and sent emails inquiring about her well being with no response.

5. Prior to September 19, 2007, the Firm had represented Baxter's mother, Sandra Carvajal ("**Carvajal**"), on a contingency fee basis, in a legal malpractice lawsuit styled *Carvajal v. Lockman, et al.*, Cause No. DC-06-02921 in the 44th Judicial District Court of Dallas County, Texas (the "**Lockman Lawsuit**"). On September 19, 2007, the Defendant Broome received a letter from Ms. Carvajal requesting that her file in the Lockman Lawsuit be transferred to the law

PAGE 4
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

firm of Erhard & Jennings, P.C.[2] The stated reason for the file transfer was Baxter's allegations against Defendants which form the basis of the Intentional Tort Claims in this cause.

6. The Lockman Lawsuit had been prepared for trial and was scheduled to go to trial within a month of the date of Ms. Carvajal's letter.[3] The Firm extended significant services and incurred significant costs in prosecuting the case. Throughout the prosecution of Carvajal's case, Ms. Carvajal never expressed anything but appreciation for the Firm's conduct and efforts.

7. The Defendant Firms in this lawsuit filed a Plea in Intervention ("**Intervention**"), in the Lockman Lawsuit on October 24, 2007 to protect their financial interest in the outcome of the case as well as for a determination of issues surrounding the contract with Carvajal based on positions raised by her new attorney. The First Amended Plea in Intervention, a true and correct copy of which is attached hereto as **Exhibit "B"**, and incorporated by reference, was filed on November 26, 2007.

## IV.

## PROCEDURAL HISTORY

8. On September 19, 2007, the Firm received a letter from the law firm Erhard & Jennings, P.C. demanding $875,000.00 on behalf of Baxter. The letter contained egregiously false and defaming statements and established that those statements were published to third parties. The statements alleged purported "sexual harassment, sexual assault and other bad acts…on an on-going basis" by a partner in the Firm and employment mistreatment while on a business trip which occurred eleven (11) months prior to the demand letter. Baxter also alleged that she had repeatedly complained to the Firm about "unlawful assault, discriminatory and

---

[2] Erhard & Jennings, P.C., is also the firm representing Baxter in this lawsuit.
[3] The trial date of this case was subsequently continued. It is currently set for trial on March 3, 2008.

PAGE 5
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

outrageous practices," that she had been "punished and retaliated against" by the Firm by "ignoring her recent on-the-job injury." Baxter further alleged that "[d]espite her complaints against this ill-treatment (sic), no investigation was ever conducted." There was no specific mention of Baxter's claim under the Fair Labor Standards Act ("**FLSA**") in the demand letter received on September 19, 2007.

9. On September 27, 2007, Broome Bobo, LLP, filed a lawsuit in the 68th Judicial District Court of Dallas County, Texas in Cause No. 07-11545-C ("**Original Suit**"). In that lawsuit, Broome Bobo alleged that Baxter tortiously interfered with an existing contract between Firm and her mother, Carvajal, a client of the Firm. On October 3, 2007, a First Amended Complaint was filed in the Original Suit and Carvajal was added as a defendant. Claims for defamation per quod, defamation per se, and infliction of emotional distress were added to the lawsuit. Each of the defendants in the Original Suit filed general denials on October 26, 2007.

10. Due to the nature of the issues, the Defendants in this lawsuit attempted to move forward promptly with discovery in the Original. Written discovery was propounded to Baxter and Carvajal and the depositions of Baxter and Carvajal were noticed well in advance but were quashed by Defendants in that case on November 9, 2007. True and correct copies of the motions to quash are attached hereto as **Exhibit "C" and Exhibit "D"**. In the motions to quash, counsel for Baxter and Carvajal referenced the two separate lawsuits, referring to the case in which the notices were served and the Lockman Lawsuit, and noted that "under the Texas Rules of Civil Procedure, Plaintiffs are barred from filing a multiplicity of actions in several courts". The motions also referenced a Plea in Abatement and Bar and Motion to Stay Proceedings Defendants (Baxter and Carvajal) would be filing soon. The motions to quash are set for hearing on January 7, 2008. Subsequently, with the exception of eleven Requests For

PAGE 6
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

Admissions, Defendants have refused to answer the written discovery (including any portion of the Requests For Disclosure) making unfounded and nonspecific objections. The responses to the written discovery are attached hereto as **Exhibits "E" through "L"**

11. Baxter's and Carvajal's Plea in Abatement, Plea in Bar, Motion to Strike, Request for Discovery Stay and Brief in Support ("**Plea in Abatement**"), a true and correct copy is attached hereto as **Exhibit "M"** and incorporated by reference, was not filed until December 7, 2007, the day after the instant case was filed in this Court. The Plea in Abatement contains a "Special Notice to Court" at Roman numeral II. In that section, Baxter notifies the Court of a "previously filed" case in the United States District Court for the Northern District of Texas.[4] In that section, Defendants also allege that Baxter "has set out certain claims against these persons or entities some of whom are also parties or purported parties, to this lawsuit." Although Baxter and Carvajal previously asserted that Defendants herein were "barred from filing a multiplicity of actions in several courts", Baxter filed yet another lawsuit in Federal court and added an unrelated and previously undisclosed FLSA claim in an effort to obtain Federal subject matter jurisdiction over the Intentional Tort Claims properly a counterclaim in the state litigation.

V.

**ARGUMENT AND AUTHORITIES**

A. **Applicable Law**

A Court may exercise supplemental jurisdiction over any claims "that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. In *United Mine Workers v. Gibbs*, the Supreme Court clarified the parameters of supplement jurisdiction:

---

[4] Sandra Carvajal is not a party to this lawsuit.

PAGE 7
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

> "The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that [s]he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole."

*Cabral v. Life Ambulance Service, Inc.*, 2007 WL 4365767 (W.D. Tex. 2007)(citing *Gibbs*, 383 U.S. at 725). It is proper for a federal court's jurisdiction to be extended to pendent state law claims if "the face of the complaint reveals that the court has jurisdiction over a *substantial* federal question to which the state claim may pend. . ." *Grinter v. Petroleum Operation Support Service*, 846 F.2d 1006, 1008 (5th Cir. 1988)(citing *Gibbs*, 383 U.S. at 725) (emphasis added); *see also Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1318 (5th Cir. 1983). "A federal claim is substantial, *i.e.*, sufficient to confer subject matter jurisdiction on a federal court, unless it is 'immaterial and made solely for the purpose of obtaining jurisdiction or . . .is wholly insubstantial and frivolous.'" *Grinter* at 1008 (citing *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776 (1946)).

District courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) of 28 U.S.C. § 1367 if

    (1)    the claim raises a novel or complex issue of state law;
    (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
    (3)    the district court has dismissed all claims over which it had original jurisdiction; or
    (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Supreme Court has stated "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. In the Fifth Circuit, the general rule is for courts

PAGE 8
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

to decline to exercise supplemental jurisdiction when all federal claims are dismissed or eliminated prior to trial. *Batiste v. Island Records*, 179 F.3d 217, 227 (5th Cir. 1999); *Nagy v. George*, 2007 WL 2122175 (N.D. Tex. 2007); *Mitchell v. Johnson*, 2007 WL 2572252 (E.D. Tex. 2007); *see also Wong v. Stripling*, 811 F.2d 200, 204 (5th Cir. 1989) . "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring them for a surer-footed reading of the applicable law." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)(citing *Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139). "[O]nce the crutch is removed—the claim that support the supplemental jurisdiction of the other claim or claims—the other should not remain for adjudication." *Id.* The Fifth Circuit has concluded that "the absence of any claims with any connection to federal law . . . at any early point in litigation suggests that the district court abused its discretion in exercising supplemental jurisdiction over state law [claims]." *Certain Underwriters at Lloyd's, Reinsurance Agreements F96/2922/00 and No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006).

**B.    Application of Law to Facts**

In the instant case, Baxter brought a FLSA claim simply to perfect federal question jurisdiction and then attempted to boot-strap several unrelated state law intentional tort claims to the lawsuit. There is no common nucleus of operative fact and the facts supporting the FLSA and the Intentional Tort Claims do not form the same case or controversy. Unlike the FLSA claim, the Intentional Tort Claims do not directly arise or relate to the Defendants' alleged failure to pay Baxter overtime pay. Baxter's Complaint (**"Complaint"**) clearly demonstrates the predominance of the Intentional Tort Claims by the fact that the FLSA cause of action is based on a separate section for "Facts as to FLSA Claims" and the FLSA cause of action is described in slightly more than one page while the Intentional Tort Claims are detailed in over twelve pages

PAGE 9
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

of the Complaint. Clearly, one claim is based on the Defendants' alleged failure to pay overtime during both of her employment periods with the Firm, pursuant to federal law. All others claims in the lawsuit are based on a trip to Houston during which the alleged Intentional Tort Claims occurred. Baxter attempts to link her federal FLSA claim to the Intentional Tort Claims by alleging, in the "Facts as to FLSA Claim" section of the Complaint, that she was "not paid any overtime for her trip to Houston, Texas where the sexual assault. . . actually took place. . ."

Further, the state law issues are clearly overwhelmingly predominant. One of the deciding factors a court should take into consideration when weighing whether it should exercise supplemental jurisdiction is whether state law claims substantially predominate over the claims over with the district court has original jurisdiction. 28 U.S.C. 1367(c)(2). There is no question that the Intentional Tort Claims form the main crux of Baxter's claims. This fact is not disguised in the Complaint. Baxter's "damages" section does not even make reference to her FLSA claim. Baxter also seeks exemplary damages for the Intentional Tort Claims and invokes the doctrines of agency and respondeat superior with regard to Baxter's Intentional Tort Claims. Clearly, this is a lawsuit based on the Intentional Tort Claims. The FLSA claim is mentioned briefly at the beginning of the Complaint solely as a basis for federal court jurisdiction.

Additionally, the evidence will show that Baxter was properly paid overtime in accordance with federal law. Once the federal law issues are disposed of, all that will remain in the case are state law claims, claims over which both the Supreme Court and the Fifth Circuit have consistently held a district court should *not* exercise supplemental jurisdiction when there are no federal claims remaining in the case.

PAGE 10
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

## C. Equitable Considerations

There are also equitable considerations to be taken into account. The Supreme Court has described a court's decision to exercise supplemental jurisdiction as a balancing of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614 (1988). There is a case currently pending in state court in which Baxter should have filed her Intentional Tort Claims. That lawsuit has a common nucleus of operative facts with Baxter's Intentional Tort Claims since it includes the same parties and is based on the same alleged event. Baxter could have filed counter-claims in that lawsuit and, if Baxter had a valid claim under federal law which was part of the same case or controversy, removed the entire case to federal court. Instead, Baxter filed this new lawsuit in federal court. Baxter did this after alleging in the state court case that Defendants in this suit were "barred from filing a multiplicity of actions in several courts, simply to harass and oppress Defendants" because Defendants herein did not bring their claims against her and her mother in her mother's pre-existing (and on the eve of trial) legal malpractice lawsuit in which Defendants had previously represented her mother. *See* **Exhibits "C" and "D"**. Litigants should not have to deal with multiple filings. Nor should litigants have to deal with immaterial, wholly insubstantial, and frivolous claims made solely for the purpose of conferring federal subject matter jurisdiction.

## VI.

## CONCLUSION

Baxter's federal and state law claims are not part of the same case or controversy and the facts supporting the claims are not based on a common nucleus of operative facts. Defendants assert that Baxter's federal FLSA claim, which was alleged for the first time when Baxter filed this lawsuit, is immaterial and was made solely for the purpose of obtaining jurisdiction over

PAGE 11
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

matters already joined in the Original Suit. Further, Baxter's FLSA claim is insubstantial and frivolous and the evidence will show that it is entirely without merit. Accordingly, in the interest of justice and judicial economy, Defendants request that the Court dismiss all of Baxter's Intentional Tort Claims and vicarious liability claim related to the Intentional Tort Claims.

Defendants request that the Court grant them such other and further relief, in law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: _____/s/ Jackson D. Wilson II_____
JACKSON D. WILSON II
Texas Bar No. 21740500
Attorney-in-Charge
E-mail: jwilson@gordonrees.com
TRACY GRAVES WOLF
Texas Bar No. 24004994
Of Counsel
E-mail: twolf@gordonrees.com

**GORDON & REES LLP**
2100 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 231-4660 (Telephone)
(214) 461-4053 (Telecopier)

ATTORNEYS FOR STANLEY D. BROOME, MATTHEW W. BOBO, HOWIE, BROOME & BOBO, LLP AND BROOME BOBO LLP.

PAGE 12
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 27th day of December 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Jackson D. Wilson II
Jackson D. Wilson II

PAGE 13
Defendants' Motion To Dismiss Baxter's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) and Brief in Support

BRBO/1048768/5278700v.1