UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXIMANDA BAXTER, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | Case No: 3:07-cv-2036-M |
| STANLEY D. BROOME, Individually, | § | |
| MATTHEW W. BOBO, Individually, | § | |
| BROOME BOBO LLP, and, | § | |
| HOWIE, BROOME & BOBO, LLP | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's State Law Intentional Tort Claims filed pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that the Court lacks original or supplemental jurisdiction over Plaintiff's claims for sexual assault, offensive physical contact, false imprisonment, and intentional infliction of emotional distress.

Having considered the briefing and applicable law, the Court is of the opinion that the Motion should be **GRANTED**.

### BACKGROUND

Plaintiff is a resident of Dallas, Texas, and a former employee of Howie, Broome, and Bobo LLP and of Broome Bobo LLP (both hereinafter jointly called the "law firms"). At the time of Plaintiff's employment, both law firms were Texas limited liability partnerships.[1] Partners Stan Broome and Matthew Bobo are sued in their individual capacities.

Plaintiff was first hired as a receptionist for the law firms on May 12, 2005, but she resigned on July 18, 2006. She was rehired in September 2006 and worked until September 19,

---

[1] The Court does not now reach the issue whether Howie, Broome and Bobo LLP is still in business or whether, as urged by Defendants, it was dissolved on July 6, 2007.

2007, when her present counsel sent a letter notifying Defendants of her resignation, claiming she had been sexually assaulted during her employment.[2]

Plaintiff filed her Original Complaint on December 6, 2007, alleging that Defendants failed to pay her overtime in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., between January 2006 and July 2006 and again between September 2006 and July 2007. Plaintiff claims that she was an hourly employee receiving approximately $18.75 an hour during the first period of her employment. Plaintiff claims she was misclassified as a salaried employee during her second period of employment, although she performed the same duties she had during her previous employment. Plaintiff alleges she was not paid overtime when she worked more than forty hours during a work week.

Plaintiff also claims she was not paid any overtime for a trip to Houston, where she alleges Defendant Broome sexually assaulted her after he forced drinks on her at the hotel bar, called her to his room to do legal work, and she passed out. Plaintiff also asserts state law claims of sexual assault, offensive physical conduct, false imprisonment, and intentional infliction of emotional distress as a result of the events in Houston.

## ANALYSIS

District courts may exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

---

[2] The same day, Defendants received a letter from Plaintiff's mother, Sandra Carvajal, who was represented by the law firms on a contingent fee basis in a legal malpractice case. Because of the allegations by her daughter against Defendants, she asked Defendants to transfer her file to the law firm of Erhard & Jennings, P.C., which represents Plaintiff in this lawsuit. Defendants subsequently filed a Plea in Intervention in Carvajal's malpractice case, seeking to protect their financial interest in the suit. On September 27, 2007, Defendants filed a lawsuit in state court, alleging that Plaintiff tortiously interfered with their contract with Carvajal. On October 3, 2007, Defendants amended that suit to add Carvajal as a defendant, and asserted claims for defamation and intentional infliction of emotional distress.

controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  But as the Supreme Court has explained, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Thus, district courts may decline to exercise supplemental jurisdiction over a claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. §1367(c)(2).  If "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."  *Gibbs,* 383 U.S. at 726.

Federal courts have the power and discretion to exercise supplemental jurisdiction over state law claims if "(1) the face of the complaint reveals that the court has jurisdiction over a substantial federal question to which the state claim may pend, and (2) the state and federal claims derive from a common nucleus of operative fact."  *Grinter v. Petroleum Operation Support Serv.*, 846 F.2d 1006, 1008 (5th Cir. 1988).  Courts must look at the plaintiff's complaint to determine if the federal claim is substantial.  A federal claim is substantial unless it is "immaterial and made solely for the purpose of obtaining jurisdiction or … is wholly insubstantial and frivolous."  *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  The Third Circuit has explained:

> Generally, a district court will find substantial predomination where a state claim constitutes the real body of a case, to which the federal claim is only an appendage—only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

Plaintiff argues that her state law claims arise from facts in common with her FLSA

claim because they arise from "the common employment-related nucleus." She cites *Rivera v. Ndola Pharmacy Corp.,* 497 F.Supp.2d 381 (E.D.N.Y. 2007), a FLSA case in which the court exercised supplemental jurisdiction only over a state law harassment claim that the employer changed Plaintiff's wages according to her willingness to attend breakfasts and dinners with him, finding that claim related to the FLSA claim. Other state law claims of sexual harassment by two other supervisors, unlawful retaliation, negligent retention and supervision of a supervisor, intentional infliction of emotional distress, and battery were all dismissed.

Here, there is no allegation that Plaintiff's overtime wages were tied to her responsiveness to sexual advances. Plaintiff seemingly contends that she is owed overtime for the trip to Houston when she was sexually assaulted, but that tenuous connection does not constitute a sufficient nucleus of operative fact to support supplemental jurisdiction. Applying *Rivera,* it would be inappropriate to exercise supplemental jurisdiction over Plaintiff's state law claims.

The Third Circuit found an abuse of discretion when a district court exercised supplemental jurisdiction in a FLSA case over claims related to a parallel state wage law, because the broader state law covered issues not within the scope of the FLSA. *De Asencio*, 342 F.3d 301. Here, although the federal and state claims both raise Plaintiff's status as an employee, which law firm employed her, and who supervised her, in this Court's view those facts are insufficient to demonstrate a common nucleus of operative fact supporting the exercise of supplemental jurisdiction. The wrongful conduct allegedly occurring on the trip to Houston is largely irrelevant to Plaintiff's FLSA claim. The state law causes of action asserted substantially predominate and are much borader than the federal overtime claim. Courts have declined to exercise supplemental jurisdiction where, as here, the state law claims require elements of proof

that are distinct from, and foreign to, the federal claims. *See James v. Sun Glass Hut, Inc.*, 799 F. Supp. 1083, 1085 (D. Colo. 1992).

Although most of Plaintiff's claims are for state law torts, Plaintiff claims the temporal scope of her FLSA claims mandates that the claims be combined in one action. Plaintiff alleges she is owed overtime wages for one and a half years, and since the sexual assault occurred on a single night, the FLSA claims predominate over the state claims. That quantitative analysis misses the point. It is the substance of the claims that matters, and the state law claims predominate because of their substantive scope. The Court has jurisdiction over the FLSA claims, but the state claims are not sufficiently related to the FLSA claim to support the exercise of supplemental jurisdiction over the state claims. A different result would substantially expand this action beyond what is necessary and relevant to the FLSA claim, which is the only basis for federal jurisdiction.

Accordingly, the Court **GRANTS** Defendant's Motion, and all of Plaintiff's claims, other than the FLSA claim, are dismissed without prejudice to being reasserted in state court.

**SO ORDERED.**

**DATED**: May 20, 2008.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**