UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXIMANDA BAXTER, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE NO. 3-07CV2036-M |
| STANLEY D. BROOME, Individually, MATTHEW W. BOBO, Individually, BROOME BOBO LLP, and, HOWIE, BROOME & BOBO, LLP, | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSED EXPEDITED MOTION
FOR VOLUNTARY DISMISSAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Eximanda Baxter ("Plaintiff") and pursuant to Federal Rule of Civil Procedure 41(a), respectfully moves for voluntary dismissal without prejudice her Plaintiff's Original Complaint on an expedited basis (as discussed in paragraph "9" below), and would respectfully show the Court as follows:

1.  Plaintiff filed her Original Complaint on December 6, 2007 (the "Complaint"). The First Cause of Action set out in the Complaint consists of the claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). Plaintiff's Complaint also asserted *inter alia* pendant state claims of sexual assault, offensive physical conduct, false imprisonment, and intentional infliction of emotional distress, etc., against various of the Defendants. [Complaint, para. 2, p. 2]

2. As set out in Plaintiff's Original Complaint, Defendants failed to pay Plaintiff overtime in accordance with the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, et seq., from at least January 2006 through July 2006 and again from September 2006 through July 2007. [Plaintiff's Original Complaint - "Complaint", para. 1, p. 1] Specifically, Defendants violated the FLSA by failing to pay Plaintiff at time and one-half her regular rate of pay for all hours worked within a workweek of forty hours. [Complaint, para. 1, p. 1] Plaintiff routinely worked over 40 hours per week and was not always paid overtime in accordance with the law. *Id.* She seeks repayment of her accumulated overtime for which she was not paid, plus liquidated damages, attorney's fees and costs. *Id.* [also Complaint, para. 20, 21, pp. 7-8]

3. Defendants filed an answer to Plaintiff's Complaint. [Doc.# 5]

4. On December 27, 2007 Defendants filed their *Defendants' Motion To Dismiss Plaintiff's State Law Intentional Tort Claims Pursuant To Federal Rule 12(b)(1) And Brief In Support.* [ Doc. # 4 ] On May 20, 2008, this Court issued its *Memorandum Opinion And Order* dismissing all of Plaintiff's state law claims, other than the FLSA pleaded claims, without prejudice to the state law claims being reasserted in state court. [Doc.# 23]

5. On June 18, 2008 Plaintiff thereafter filed her state law claims (as Counter-Plaintiff) in Texas state court in that case originally filed against her and her mother by Defendants in the 68th District Court in and for Dallas County, Texas (" the State Court") in Cause No. 07-11545-C, initially styled *Broome Bobo LLP, f/k/a Howie Broome & Bobo, LLP, Stanley D. Broome and Matthew W. Bobo v. Eximanda Baxter and Sandra Carvajal.* (the " State Court lawsuit").

6. Since then, the State Court has ordered a realignment of the parties in the State Court lawsuit and the only remaining claims in <u>that</u> State Court lawsuit litigation are the affirmative claims now – Plaintiff Baxter (and her co-Plaintiff mother) have asserted against Defendants.

7. The only remaining claim before this Court between the parties are Plaintiff's claims for unpaid overtime compensation pursuant to the FLSA and related damages issues.

8. Plaintiff no longer wishes to proceed with the prosecution of her remaining claim in her Complaint in this forum, but seeks instead to join and consolidate those claims in the State Court lawsuit pending between the parties. A plaintiff has the right to choose the forum for his or her action. Initially, Plaintiff chose to pursue her claims in this Court. However, this Court determined not to accept ancillary jurisdiction over Plaintiff's state law claims and dismissed those claims. Plaintiff has now determined that rather than split Plaintiff's claims among two (2) forums and courts, and now that Plaintiff has been designated <u>solely</u> as a party Plaintiff in the State Court lawsuit, Plaintiff intends on (in the interest of judicial and "party" economy) consolidating all her claims against Defendants in the State Court lawsuit.

### Consideration of Dismissal on Expedited Basis

9. The State Court has been apprised, in writing, of Plaintiff's intention to re-file her FLSA claims in the State Court lawsuit. There are no procedural bars under any Scheduling Order in the State Court lawsuit which would prevent Plaintiff from

amending her State Court lawsuit to add her present FLSA claims. Plaintiff just recently sought a new Scheduling Order (seeking six (6) months additionally), but the Court however, recently ruled on that new Scheduling Order and instead provided a deadline of **January 30, 2009** for amending pleadings asserting new claims. Consequently, Plaintiff requests the Court consider this Motion on an expedited basis so that Plaintiff can readily meet this January 30th deadline.

<strong>Concurrent State Court Jurisdiction</strong>

10.   The State Court has concurrent jurisdiction to adjudicate Plaintiff's FLSA claims. 29 U.S.C. § 216 (b) (FLSA claims can be brought in any federal or state court of competent jurisdiction); also *Carter v. Hill & Hill Truck Line, Inc.* 259 F.Supp 429 (S.D. Tex. 1966); *Stringer v. Griffin Grocery Co.* 149 S.W.2d 158, 160 (Tex.Civ.App. - Dallas 1941, err. ref.)

<strong>ARGUMENTS AND AUTHORITIES</strong>

A.   **Applicable Standards - Motion To Dismiss**

11.   Plaintiff is entitled to dismissal without prejudice of her FLSA action pursuant to Rule 41(a)(2). Rule 41(a)(2) of the Federal Rules of Civil Procedure allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party. *Templeton v. NedLloyd Lines* 901 F.2d 1273, 1274 (5th Cir. 1990); *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). Where, as here, dismissal is sought <u>without prejudice</u>, a court will usually grant a motion to dismiss <u>without prejudice</u> under Rule 41 (a)(2), absent evidence that the defendant will suffer

clear, substantial legal prejudice. *Phillips v. Illinois Central Gulf R.R.* 874 F.2d 984, 986 (5th Cir. 1989); *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967).

12. Such substantial prejudice must be more than the mere prospect of a second lawsuit or a tactical advantage gained by the plaintiff. *Manshack v. Southwestern Elec. Power Co.* 915 F.2d 172 (5th Cir. 1990); *Grynberg Production Corp. v. British Gas, P.L.C.* 149 F.R.D. 135 (E.D. Tex. 1993); 5 Moore's Federal Practice ¶ 41.05[1] (2d ed.). The fact that Defendants face the prospect of a trial in State Court is legally insufficient to demonstrate legal prejudice. *Templeton*, supra @ 1276. (Citing *Le Compte,* supra @ 604). Defendants are already involved in litigation with Plaintiff in the State Court lawsuit; in fact, Defendants were the parties who initiated the State Court lawsuit originally against Plaintiff (and her mother as Co-Defendant) on September 27, 2007. Having Plaintiff's remaining claims dismissed so they can be consolidated in the State Court lawsuit will only return the Defendants to the forum they themselves originally chose in September of last year. Indeed, Defendants themselves claimed before this Court: *Litigants should not have to deal with multiple filings.*[1] Since Defendants themselves believed (and sought this Court to rule) that the sexual assault claims should be before the State Court, Plaintiff asserts all claims should be joined there.

13. Upon submission of Defendants' Motion to Dismiss, this Court dismissed without prejudice Plaintiff's pendent state law claims from this lawsuit and directed that

---

[1] See *Defendants' Motion to Dismiss Baxter's State Law Intentional Tort Claims Pursuant to Federal Rule 12(b)(1) and Brief in Support,* p. 11, Dkt. #4, filed 12/27/07.

only the FLSA claim would be considered. Defendants have filed no Counterclaim against Plaintiff in this cause.

14.     This suit is still in the early pretrial stages. *Templeton*, *supra* @ 1275-76. (Suit was still in the pretrial stages.). "*Important in assessing prejudice is the stage at which the motion to dismiss is made. Hartford Accident Indemnity Co. v. Costa Lines Cargo Servs., Inc.* 903 F.2d 352, 360 (5th Cir. 1990). Since the initial exchange of Rule 26(a)(1) Initial Disclosures on March 21, 2008, Defendants have served no written discovery upon Plaintiff, taken no depositions and no evidence has been heard by the Court with respect to Plaintiff's FLSA claim. <u>There is nothing to indicate that Defendants have spent considerable time and expense in preparing their case in this cause.</u> While Plaintiff has acted diligently and served some written discovery upon Defendants with respect to the FLSA claim, no depositions have been taken by either side herein. See *Reed v. Falcon Drilling Co., Inc.* 2000 WL 222852 (E.D. La.) (Defendant failed to show clear prejudice by dismissal since parties had not conducted discovery or filed pretrial motions, in contrast to more advanced state court proceedings involving written discovery and depositions) By contrast, Defendants have served multiple sets of written discovery requests (two sets of Interrogatories, two sets of Requests for Production of documents, Admissions and Requests for Disclosure) and have also taken the depositions of both Plaintiffs in the far more advanced State Court proceedings.

15. No dispositive motions have been filed in this cause. Plaintiff is not attempting to avoid an adverse merits determination by filing this Motion. Defendants cannot demonstrate an objectively reasonable basis for requesting that the merits of the dispute be resolved in a federal forum because the parties will continue to litigate in the State Court lawsuit and Defendants have filed no substantive motions that might have led to total or partial merits resolution.

16. The proceedings in the State Court lawsuit are substantially more advanced than those in this Court; in addition to the extensive discovery that has already taken place, there have been three (3) motions for partial summary judgment filed in the State Court lawsuit and all of Defendants' affirmative claims have either been dismissed with prejudice or have been non-suited.

17. Defendants also will suffer no prejudice by reason of delay in the proceedings inasmuch as the pretrial and other deadlines in the State Court lawsuit are equally favorable to any of those established under the current Scheduling Order for this case. The pretrial deadlines in the State Court lawsuit include the following:

- Amended pleadings asserting new claims or defenses - 01/30/09
- Party seeking affirmative relief to designate experts, provide reports - 01/06/09
- Party opposing affirmative relief to designate experts, provide reports - 02/03/09
- All discovery closes - 03/13/09

- Summary judgment motions - 03/16/09
- Objections or motions to exclude or limit expert testimony due to qualification of the expert or reliability of the opinions - 04/14/09
- Motion to Compel discovery - 04/14/09

18. The parties in the State Court lawsuit have already participated in a mediation ordered by the State Court, which was unsuccessful ( as reported to Magistrate Judge Stickney at a settlement conference).

19. Nor will Defendants suffer any prejudice by any delay in getting to trial; the State Court lawsuit has been specially set for jury trial on August 11, 2009, while trial in this Court is not scheduled until a month later, on September 7, 2009.

20. In view of the relatively brief time that has elapsed since the Court's Order dismissing Plaintiff's state law claims in late May of this year, and the absence of proceedings and minimal discovery related to the FLSA portion of Plaintiff's Action, Defendants would not suffer any prejudice should Plaintiff's Motion be granted without prejudice. Moreover, even if Defendants could demonstrate any prejudice, this Court may, under Rule 41(a)(2), impose terms and conditions on approval of Plaintiff's Motion so as to alleviate any possible prejudice to Defendants.

21. It is clear that dismissal without prejudice of the remaining FLSA claim of Plaintiff's Complaint will result in no substantial prejudice to Defendants. For these reasons, Plaintiff is entitled as a matter of right to dismissal without prejudice of the

remaining FLSA claims without prejudice. Plaintiff respectfully requests that her Motion for Voluntary Dismissal Without Prejudice be granted.

> Respectfully submitted,
>
> By: /s/ James Albert Jennings
> James Albert Jennings
> SBN: 10632900
> W. Christopher W. Haynes
> SBN: 09284100
>
> ERHARD & JENNINGS, P.C.
> 1601 Elm Street, Suite 4242
> Dallas, Texas 75201
> (214) 720-4001
> Fax: (214) 871-1655
>
> ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF CONFERENCE

Plaintiff's counsel contacted Matthew W. Bobo, counsel for Defendants concerning the merits of this Motion but he was opposed.

> /s/ W. Christopher W. Haynes
> W. Christopher W. Haynes

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 2nd day of January, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ W. Christopher W. Haynes
W. Christopher W. Haynes